```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
    Plaintiff,                 )
                               )
         v.                    )   Criminal No.
                               )        05-MJ-00635-AK-1
                               )
MICHAEL B. WHEELER,            )   Count One: 18 U.S.C. § 201(c)
                               )   (Unlawful Gratuity)
    Defendant.                 )   Count Two: 18 U.S.C. § 922(o)
                               )   (Possession of a Machine Gun)
                               )
```

## INFORMATION

The United States charges:

### COUNT ONE
### 18 U.S.C. § 201(c)
### (Unlawful Gratuity)

1. At all times material to this Information, Defendant **MICHAEL B. WHEELER ("WHEELER")** was a Lieutenant Colonel in the United States Army Reserve, a Department of Defense ("DOD") component, serving on active duty and assigned to the CPA-South Central Region ("CPA-SC") in Al-Hillah, Iraq. Defendant **WHEELER**'s duties included serving as an advisor and project officer on projects for the reconstruction of Iraq which involved recommending the expenditure of CPA funds for those projects, and ensuring that contracts had been satisfactorily performed and that payment had been made in connection with the contracts.

2. Philip Bloom ("Bloom") was a United States citizen who operated and controlled construction and service companies in Iraq and Romania, which did business with the CPA-SC in Al Hillah, Iraq.

3. From in or about December 2003 until in or about October 2004, Defendant **WHEELER** directly and indirectly, demanded, sought, received, accepted, and agreed to receive and accept something of value for and because of official acts performed and to be performed by Defendant **WHEELER**; that is Defendant **WHEELER** used his official position to violate CPA and DOD procurement regulations and other laws, and accepted liquor and a business class airline ticket from Bloom for and because of official acts performed by Defendant **WHEELER** that benefited Bloom and his companies.

(All in violation of Title 18, United States Code, Section 201(c))

Count Two
18 U.S.C. §§ 922(o)
(Possession of a Machine Gun in Violation
of the Gun Control Act)

4. On or about November 30, 2005, in Amherst Junction, Wisconsin, and elsewhere Defendant **WHEELER** did knowingly possess and transfer machine guns, including two .308 caliber SA 58 assault weapons, Serial Numbers DS 23724 and DS 23783.

(All in violation of Title 18, United States Code, Section 922(o))

FORFEITURE

5. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), and Title 28, United States Code, Section 2461(c), Defendant **WHEELER**, once convicted of Counts 1 (unlawful gratuity in violation of 18 U.S.C. § 201(c)) and 2 (possession of a machine gun in violation of 18 U.S.C. § 922(o)) shall forfeit to the United States the following property:

    a. Any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

    b. A sum of money equal to the total amount of proceeds traceable to the unlawful gratuity in violation of 18 U.S.C. § 201(c), as charged in Count 1, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

    c. Any firearm involved in or used in the offense for which the defendant is convicted in Count 2, including but not limited to the following:

- Two .308 caliber SA 58 assault weapons, bearing serial numbers DS 23724 and 23783, and gun cases.

6. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 26, United States Code, Section 2461, the defendant shall forfeit substitute property, up to the value of the amount described in the foregoing paragraphs, if, by any act or omission of a defendant, the property described in such paragraphs, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in

value; or has been commingled with other property which cannot be divided without difficulty.

(Criminal Forfeiture, Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), and Title 26, United States Code, Section 2461)

DATED: July 27, 2006.    For the UNITED STATES:

By: /s/ Brenda K. Morris
BRENDA K. MORRIS
Acting Chief,
Public Integrity Section

PATRICK T. MURPHY
MARK J. YOST
Trial Attorneys
Asset Forfeiture and Money
  Laundering Section

JAMES A. CROWELL IV
ANN C. BRICKLEY
Trial Attorneys
Public Integrity Section

U.S. Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20005
(202) 514-1412
James.crowell@usdoj.gov
Ann.Brickley@usdoj.gov
Mark.yost@usdoj.gov
Patrick.murphy@usdoj.gov