```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>v.  )<br>  )<br>  )<br>MICHAEL B. WHEELER,  )<br>  )<br>  )<br>     Defendant.  )<br>  )<br>_____ ) | Criminal No.<br>     05-MJ-00635-AK-1<br><br>Count One: 18 U.S.C. § 201(c)<br>  (Unlawful Gratuity)<br>Count Two: 18 U.S.C. § 922(o)<br>  (Possession of a Machine Gun) |

### PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by and through its undersigned counsel, and the Defendant, MICHAEL B. WHEELER, agree as follows:

1. The Defendant is entering this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The Defendant knowingly, voluntarily, and truthfully admits the facts contained in the attached Factual Basis for Plea.

3. The Defendant agrees to plead guilty to a two-count Information charging him with one count of accepting unlawful gratuities in violation of 18 U.S.C. § 201(c) and one count of possession of a machine gun in violation of 18 U.S.C. § 922(o).

The Defendant admits that he is guilty of these crimes, that he is pleading guilty because he is guilty, and that he understands that he will be adjudicated guilty of these offenses.

4.  The Defendant understands the nature of the offenses to which he is pleading guilty, and the elements thereof, including the penalties provided by law.  The maximum penalties for a violation of 18 U.S.C. § 201(c) are two years of imprisonment, a fine of $250,000, and a mandatory special assessment of $100; and the maximum penalties for Count 2 charging him with a violation of 18 U.S.C. § 922(o) are 10 years of imprisonment, a fine of $250,000, and a mandatory special assessment of $100.  The Defendant also understands that the Court may impose a term of supervised release to follow any incarceration in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is at least two years but not more than three years.  The Defendant also understands that the Court may impose restitution, costs of incarceration, and costs of supervision.

5.  If the Court accepts the Defendant's pleas of guilty to one count of accepting unlawful gratuities in violation of 18 U.S.C. § 201(c) and one count of possession of a machine gun in violation of 18 U.S.C. § 922(o), and the Defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the Defendant for crimes arising from the facts set forth in the Factual Basis for Plea or for crimes disclosed to the Government during briefings

conducted pursuant to this agreement. This paragraph does not apply to any "crimes of violence," as that term is defined by 18 U.S.C. § 16, or to any offenses which the Defendant failed to disclose fully to the Government. The Government is not aware at this time of any alleged conduct on the part of the Defendant that meets the definition of "crime of violence." The Defendant also understands that this Plea Agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any civil or administrative remedies available to any agency or department of the United States or any state or local government.

6. The Defendant agrees that if the Court does not accept his pleas of guilty, this agreement shall be null and void.

### Sentencing Guidelines and Sentencing Factors

7. The parties to this agreement agree that the Defendant's sentence is governed by 18 U.S.C. § 3553 and the United States Sentencing Guidelines, effective November 1, 2003, and that the controlling Guideline applicable to Count 1 is U.S.S.G. § 2C1.2, Offering, Giving, Soliciting, or Receiving a Gratuity. The parties agree to recommend the following guideline calculations:

```
2C1.2(a)(1) Base Offense Level . . . . . . . . . . . . . . . 7
2C1.2(b)(1) More than one gratuity . . . . . . . . . . . . . 2
```

```
2C1.2(b)(2) & 2B1.1(b)(1)(B) Value of Gratuity of more than
$5,000 and less than $10,000 . . . . . . . . . . . . . . . . . 2
TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
```

The parties also agree that the controlling Guideline applicable to Count 2 is U.S.S.G. § 2K2.1, Unlawful Receipt, Possession or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition. The parties agree to recommend the following guideline calculations:

```
2K2.1(a)(5) Base Offense Level ..........................18
2K2.1(b)(1)(A) More than 3 but fewer than 8 firearms ......2
TOTAL ....................................................20
```

The United States reserves the right the right at the time of sentencing to argue for a two-point enhancement under U.S.S.G. § 2K2.1(b)(4) (Stolen Firearm).

    8. Should the Defendant comply fully with his obligations under this agreement and subject to satisfactory debriefings at which the Defendant is entirely truthful and fully accepts responsibility for his criminal conduct and continues to accept responsibility for his criminal conduct up to and including the sentencing date, the United States will recommend that the Defendant receive a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, yielding a net offense level of 17 and a guideline range of 24-30 months imprisonment. The Defendant understands that in the event that the 2K2.1(b)(4)

enhancement applies, the net offense level would be 19, with a guideline range of 30-37 months.

9. The parties agree to recommend that no adjustment to the guideline level other than those discussed in this agreement is appropriate, and the Defendant agrees to seek no downward departures. The Government agrees to seek no upward departures, as long as the Defendant is entirely truthful during the course of his cooperation pursuant to this agreement.

10. The Defendant understands that these recommendations and agreements are not binding on the Court or the United States Probation Office, and that he will not be entitled to withdraw his pleas of guilty if the Court rejects these recommendations. The Defendant further understands that while the Court must consult the Sentencing Guidelines, they are advisory and the Defendant may be sentenced up to the statutory maximum.

11. The Defendant understands and acknowledges that he may receive any sentence within the statutory maximum for the offenses of conviction.

12. The United States cannot and does not make any promise or representation as to what sentence the Defendant will receive or what fines or restitution, if any, the Defendant may be ordered to pay. The Defendant understands that the sentence and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the Probation Office, that the Court may impose the maximum sentence

permitted by the statutes, and that the Defendant will not be permitted to withdraw his plea regardless of the sentence calculated by the Probation Office or imposed by the Court.

### Bar to Employment by or Business with Federal Government

13. The Defendant agrees that he will not solicit or accept employment with the federal government, and will not solicit, conduct, or attempt to conduct any business with the federal government for a period of three (3) years from the date of sentencing. This prohibition applies to: (a) the defendant, acting on his own behalf or as an agent or representative of any individual, organization, or business; and (b) to any individual or business with whom the Defendant is "affiliated," as that term is defined in the Federal Acquisition Regulations, at 48 C.F.R. § 9.403. The Defendant understands that this prohibition will be included as a condition of his probation and/or supervised release, and that a violation of this condition could result in the Defendant's imprisonment or return to prison.

### Venue

14. The Defendant agrees, for purposes of entering his initial appearance, arraignment, plea of guilty, sentencing and all other appropriate proceedings relevant to the filing of this agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The Defendant

expressly waives his right to object to venue in the District of Columbia.

### Right of Allocution

15. The United States reserves the right to allocute as to the nature and seriousness of the offense and to make a recommendation as to sentencing. The attorneys for the United States will inform the Court and the Probation Office of: (1) this agreement; (2) the nature and extent of the Defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

### Waiver of Appeal

16. The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalties that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Although the Defendant agrees to give up his right to appeal the actual sentence the Court imposes and the manner in which the Court

determines the Defendant's sentence, the Defendant retains his right to appeal whether his plea was unlawful, in some way involuntary, and the reasonableness of the sentence imposed by the Court.

## Cooperation

17. The Defendant agrees that he will cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in his possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant to the United States. This includes, but is not limited to, participating in debriefings by attorneys and investigators within the United States Department of Justice Criminal Division, Federal Bureau of Investigation, Internal Revenue Service, and Special Inspector General for Iraq Reconstruction, and testifying fully and completely before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

18. If, as part of the Defendant's obligation to cooperate as set forth in this agreement, the Defendant provides self-incriminating information, such information shall be subject to the protections, terms, and conditions set forth in U.S.S.G. § 1B1.8. These protections do not apply, however, to information

provided by the Defendant to the Government prior to this agreement being approved by the Court, including all facts contained in the attached Factual Basis for Plea, unless otherwise covered by a proffer agreement. Nor do these protections apply to any facts the Government learns prior to sentencing by any means other than the Defendant's own statements.

19. Pursuant to Sentencing Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the United States may move the Court to depart from the Sentencing Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. The Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the United States.

    b. This Agreement does not require the United States to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the United States make such a request or motion, nor any remedy to the Defendant in the event the United States fails to make such a request or motion.

d. Even in the event that the United States makes such a request or motion, the Court may refuse to depart from the Sentencing Guidelines.

### Breach of Plea Agreement

20. If the Defendant fails to comply with any of the material conditions and terms set forth in this agreement, he will have committed a material breach of the agreement which will release the Government from its promises and commitments made in this agreement. Upon Defendant's failure to comply with any of the terms and conditions set forth in this agreement, the Government may fully prosecute the Defendant on all criminal charges that can be brought against him. With respect to such a prosecution:

a. The Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other Federal rule, that Defendant's statements pursuant to this agreement or any evidence derived therefrom, should be suppressed or are inadmissible;

b. The Defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made; and

c. The Defendant waives any and all defenses based on

the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

21. In the event of a dispute as to whether Defendant has knowingly committed any material breach of this agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if the Defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Defendant's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the Defendant's breach by a preponderance of the evidence.

### Forfeiture

22. The Defendant agrees to identify the proceeds from, or traceable to, the unlawful gratuity charged in Count 1, and any firearm involved in the crime charged in Count 2, including any assets derived from, or traceable, to the proceeds of unlawful activity in which the Defendant has or had any financial interest, and any facilitating property. The Defendant agrees to take all steps as requested by the United States to locate or repatriate property subject to forfeiture, and further agrees not to contest the forfeiture of his interests in such property. The Defendant also agrees not to assist others in making claims against seized property.

23. The Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

24. The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas are accepted.

25. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, including the firearms involved in Count 2 of the Information and those firearms seized in the November 30, 2005 search of Defendant's residence or consensually transferred to federal authorities thereafter, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or property involved in illegal conduct giving rise to forfeiture, and Defendant agrees to the

entry of a judgment against him in an amount equal to the gratuity charged in Count 1 of the Information.

### Non-binding on Non-parties

26. The Defendant understands that this agreement is binding only upon the United States Department of Justice, Criminal Division, Public Integrity Section and Asset Forfeiture and Money Laundering Section. This agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor. It also does not bar or compromise any civil or administrative claim pending or that may be made against the Defendant. If requested, however, the Public Integrity Section and the Asset Forfeiture and Money Laundering Section will bring this agreement to the attention of any other potential prosecuting jurisdiction, specifically including the Western District of Wisconsin, and ask that jurisdiction to abide by the provisions of this plea agreement. The Defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement.

27. This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the Defendant. No other promises, agreements, or representations exist or have been made to the Defendant or the Defendant's attorneys by the Department of Justice in connection with this case.

28.  The parties to this agreement agree that this agreement may be amended only by a writing signed by all parties and sanctioned by the Court.

On Behalf of the Government

BRENDA MORRIS
ACTING CHIEF, PUBLIC INTEGRITY SECTION

Jul 27 2006
DATE

By: _____
James A. Crowell IV
Ann C. Brickley
Trial Attorneys
Public Integrity Section

By: _____
Patrick T. Murphy
Mark J. Yost
Trial Attorneys
Asset Forfeiture and Money Laundering Section

U.S. Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20005

14

## Acknowledgments

### The Defendant

I, Michael B. Wheeler, hereby expressly acknowledge the following: (1) that I have read this entire Plea Agreement; (2) that I have had an opportunity to discuss this Plea Agreement fully and freely with my attorney; (3) that I fully and completely understand each and every one of its terms; (4) that I am fully satisfied with the advice and representation provided to me by my attorney; and (5) that I have signed this Plea Agreement knowingly, freely and voluntarily.

_26 Jul 06_  
DATE

_/s/ Michael B. Wheeler_  
Michael B. Wheeler

### Counsel for the Defendant

I, Bruce Rosen, attorney for Michael B. Wheeler, hereby expressly acknowledge the following: (1) that I have discussed this Plea Agreement with my client; (2) that I have fully explained each one of its terms to my client; (3) that I have fully answered each and every question put to me by my client regarding the Plea Agreement; and (4) in my opinion, my client completely understands the letter and spirit of all of the Plea Agreement's terms.

_26 July 06_  
DATE

_/s/ Bruce Rosen_  
Bruce Rosen, Esq.